UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEAR BLUE INSURANCE COMPANY,

    Plaintiff,

v.                                                      Case No. 8:22-cv-01212-MSS-AEP

A + SIGN SERVICE, INC., a Florida for
Profit Corporation; RHONDA FUSSELL,
Individually and as Parent and Natural
Guardian of S.F., a minor, JOS. A. BANK
CLOTHIERS, INC., a Delaware for Profit
Corporation; ACTION SERVICES GROUP,
INC., a Pennsylvania for Profit Corporation;
and CASTO-OAKBRIDGE VENTURE, LTD.,
a Florida Limited Partnership,

    Defendants.
_____/

**ORDER**

This cause comes before the Court upon Plaintiff's Second Motion for Extension of Time to Obtain Service on Defendant, A+ Sign Service, Inc. (Doc. 29 & 31).[1] By the motion, Plaintiff seeks to effectuate service of process by publication because Plaintiff has been unable to serve A+ Sign Service, Inc.'s agent, A+ Sign Service, Inc.'s business address, and reasonable attempts were made to locate the A+ Sign Service, Inc. through an agent or representative of the company. For the following reasons, Plaintiff may effectuate service by publication.

---

[1] Plaintiff originally filed the Second Motion for Extension of Time (Doc. 29) and later supplemented the motion with the conferral status (Doc. 31).

Under Rule 4, Federal Rules of Civil Procedure, a party must serve a corporation, partnership, or association in a judicial district of the United States in the following manner:

(A) in the manner prescribed under Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(A) & (B). To that end, Plaintiff seeks to proceed under Rule 4(e)(1), which provides that service may occur by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Namely, Plaintiff seeks to effect service by publication.

In Florida, process against any corporation may occur on the president, vice president, or other head of the corporation. §48.081(1)(a), Fla. Stat. Alternatively, process may be served on the agent designated by the corporation. §48.081(3)(a), Fla. Stat. Every corporation shall designate a registered agent and registered office and shall keep the registered office open from 10 a.m. to 12 p.m. every day except Saturdays, Sundays, and legal holidays, and shall keep at least one registered agent on whom process may be served at the office during these hours. §48.091(1) & (2), Fla. Stat.

In Florida, Section 49.011 permits service of process by publication in actions "[f]or the construction of any will, deed, contract, or other written instrument and

2

for a judicial declaration or enforcement of any legal or equitable right, title, claim, lien, or interest thereunder." §49.011(5), Fla. Stat. This alternative form of service is permitted against corporations. §49.021(2), Fla. Stat.

In the instant case, Plaintiff alleges that A+ Sign Service, Inc. failed to comply with Florida law because its registered office was not open between the required hours to accept service of process and no employees are maintained on-site. Plaintiff has attempted to serve A+ Sign Service, Inc. through its registered agent at its designated address on multiple occasions (Doc. 31, at 17-18, 21-23, 32-33). Plaintiff also attempted to serve A+ Sign Service, Inc. at an alternative address (Doc. 31, at 25-31). Yet, Plaintiff has not been able to serve A+ Sign Service, Inc. Notwithstanding, because Plaintiff seeks a declaratory judgment regarding an insurance contract, Florida law allows service by publication on A+ Sign Service, Inc. Based on the sworn statements and documents provided in support of the motion seeking publication service (Doc. 31-1), which comport with the requirements of the applicable Florida law, Plaintiff has demonstrated that service on A+ Sign Service, Inc. by publication is warranted.

Accordingly, it is hereby

ORDERED:

1. Plaintiff's Second Motion for Extension of Time to Obtain Service on Defendant, A+ Sign Service, Inc. (Doc. 31) is GRANTED. Consequently, Plaintiff's Second Motion for Extension of Time to Obtain Service on Defendant, A+ Sign Service, Inc. (Doc. 29) is DENIED AS MOOT.

2. Plaintiff shall have forty-five (45) days from the date of this Order to effectuate service by publication, in accordance with the requirements of the applicable Florida Statutes.

DONE AND ORDERED in Tampa, Florida, on this 24th day of October, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record